IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPHINE NASH | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| PULASKI COUNTY SPECIAL | * | NO: 4:05CV00685 SWW |
| SCHOOL DISTRICT | * | |
| | * | |
|     Defendant | * | |
| | * | |

**ORDER**

    Plaintiff Josephine Nash ("Nash"), who proceeds *pro se*, brings this age discrimination suit against her employer, the Pulaski County Special School District ("PCSD"). Before the Court is PCSD's motion for summary judgment (docket entry #9). The time for responding to the motion has passed, and Nash has not filed a response.[1] After careful consideration, and for the reasons that follow, the Court finds that summary judgment should be entered in favor of PCSD, and this case should be dismissed with prejudice.

    In her complaint, Nash states that she is a current employee of PCSD and that her "complaint is based on the hostile work environment in which she is working." Docket entry #1, ¶ 5. Nash claims that PCSD has discriminated against her based on her age. She claims that she has been "routinely denied breaks, forced to work extra time, and denied the opportunity to advance her employment" and denied opportunities for "transfers and other advancements which

---

[1]On August 7, 2006, after granting Nash multiple extensions of time to respond to the motion for summary judgment, the Court entered an order granting Nash an additional 14 days in which to file a response.

have been given to younger, less experienced employees." *Id.*

The complaint contains no additional details regarding Nash's claims. However, in her discrimination charge filed with the Equal Employment Opportunity Commission ("EEOC") she alleged as follows:

> I was initially hired in 1987. I was re-hired in 1998. I am currently employed as an in-house intercessor in a non-certified position. Since the past 180 days, I have been subjected to continuous harassment from staff and students, denied breaks, forced to work extra time, and received a written warning. In August 2004, I learned that I had been denied an opportunity to apply for a supervisor's position at the location where I work. In October 2004, I was denied a lateral transfer to the Jacksonville school. Both positions were filled by someone under 40. Additionally, I filed a level one grievance and since this time, the harassment has gotten more egregious.

Docket entry # 9, Ex. A.

<u>Failure to Promote or Transfer</u>

A prima facie case of age discrimination under the ADEA for failure to hire, promote, or transfer requires a showing that (1) the plaintiff was in the protected age group (over 40), (2) the plaintiff was otherwise qualified for the position, (3) the plaintiff was not hired, promoted, or transferred to the position, and (4) the employer selected a younger person to fill the position. *See  Chambers v. Metropolitan Property and Cas. Ins. Co.,* 351 F.3d 848, 856 (8th Cir. 2003)(citing  *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000)). If Nash establishes a prima facie case, PCSD must  articulate a legitimate, nondiscriminatory reason for failing to hire, promote, or transfer her.  *Id*.  Finally, the burden shifts back to Nash to show that the proffered reason is pretextual and that her age was the real reason for PCSD's decision.

As part of her prima facie case, Nash must show that she applied for the promotion or transfer in question.  *See Lockridge v. Board of Trustees of University of Arkansas*, 315 F.3d 1005, 1011 (8th Cir. 2003) (citations omitted).  PCSD has come forward with undisputed

evidence that Nash had the opportunity to apply for the supervisor's position referenced in her EEOC charge, but she failed to do so. *See* docket entry #9, Exs. B, C, & D, at 67-68. Accordingly, the Court finds that no genuine issues exist with respect to Nash's failure-to-promote claim.

Defendant has also come forward with undisputed evidence that it denied Nash's application for a lateral transfer to an open position at a Jacksonville school because she was less qualified for the position than the successful applicant. Nash has failed to present any evidence to refute PCSD's legitimate, nondiscriminatory reason for rejecting her transfer application. Accordingly, the Court finds that no genuine issues exist with respect to Nash's failure-to-transfer claim.

<u>Hostile Environment</u>

An employer creates an actionable hostile work environment if "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). To be actionable, an allegedly hostile work environment must be both objectively and subjectively offensive--one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 2283 (1998).

PCSD asserts that Nash has failed to allege facts or present any evidence showing that PCSD subjected her to any form of age-based harassment or discriminatory work conditions. The Court agrees and finds no issues for trial with respect to Nash's hostile environment claim.

<u>Retaliation</u>

3

Nash does not state that she is asserting a retaliation claim in this case. However, in her EEOC charge she states that PCSD's alleged age-based harassment intensified after she filed a "level one grievance." To establish a prima facie case for retaliation, Nash must show that (1) she filed a charge of harassment or engaged in other protected activity; (2) PCSD subsequently took adverse employment action against her; and (3) the adverse action was causally linked to the protected activity. *See Erenberg v. Methodist Hosp..* 357 F.3d 787, 793 (8th Cir. 2004)(citing *Cross v. Cleaver,* 142 F.3d 1059, 1071 (8th Cir.1998)). Assuming that Nash's claims include one for retaliation, the Court finds that she has failed to come forward with any evidence showing that she was subject to harassment or adverse employment action. Accordingly, the Court finds no genuine issues with respect to a possible retaliation claim.

For the reasons stated, Defendant's motion for summary judgment (docket entry #9) is GRANTED. Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 5TH DAY OF SEPTEMBER, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE